IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIOTT EBERHARDT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-1700 |
| | : | |
| MICHAEL WENEROWITZ, et al. | : | |

**ORDER**

AND NOW, this 27th day of September, 2016, upon careful and independent consideration of Petitioner Elliott Eberhardt's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, Eberhardt's objections thereto, and Respondents' objection thereto, it is ORDERED:

    1.    Eberhardt's objections (Document 31) are OVERRULED[1];

---

[1] In April 2013, Eberhardt filed a pro se federal habeas petition and, after retaining counsel, amended his petition, asserting five grounds for relief: (1) trial counsel was ineffective for failing to call Anthony Walker as a witness; (2) trial counsel was ineffective for calling Jose Armenteros as a witness; (3) PCRA counsel was ineffective for failing to assert a due process claim based on one judge presiding over the PCRA hearing but, after the judge was appointed to the Pennsylvania Supreme Court, a different judge ruling on the PCRA petition; (4) trial counsel was ineffective for failing to assert Eberhardt's right to a public trial was violated, and PCRA counsel was ineffective for failing to raise and preserve this claim; and (5) sentencing counsel, appellate counsel, and PCRA counsel were ineffective for failing to assert Eberhardt received an illegal sentence.

    On June 22, 2015, United States Magistrate Judge Strawbridge issued a Report and Recommendation (R&R) thoroughly addressing each of Eberhardt's claims and recommending his petition be denied. Eberhardt filed five objections to the R&R, raising the same five grounds of relief contained in his petition. After careful and independent consideration of Eberhardt's petition and the arguments he raises in his objections, the Court agrees with the Magistrate Judge's recommendation to deny Eberhardt's petition. The Court will, however, address Eberhardt's fourth objection: that the Magistrate Judge erroneously found Eberhardt's trial counsel—and thus PCRA counsel—not ineffective for failing to pursue a claim that Eberhardt's right to a public trial had been violated. Although the Court agrees with the Magistrate Judge's thorough and well-reasoned analysis of Eberhardt's claim as to prejudice, the Court finds Eberhardt's claim is likewise without merit because he has not shown trial counsel's performance was constitutionally deficient.

    Eberhardt asserts his trial counsel was ineffective for failing to assert his Sixth Amendment right to a public trial was violated when the trial court sua sponte temporarily closed the courtroom for a portion of a Commonwealth witness's cross-examination. As noted in the R&R,

Eberhardt raises this claim for the first time in the instant petition, and the claim is therefore procedurally defaulted unless either cause and prejudice exists as to the default or Eberhardt can show he is actually innocent. *See United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' . . . or that he is 'actually innocent.'"). Rather than decide whether Eberhardt's procedural default was excused, the Magistrate Judge, pursuant to 28 U.S.C. § 2254(b)(2)—which permits a court to deny on the merits an unexhausted claim—addressed the merits of Eberhardt's ineffective assistance claim.

Claims of ineffective assistance of counsel are evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, a convicted defendant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687. Because a defendant must satisfy both prongs of the *Strickland* test, a court reviewing such a claim need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Accordingly, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed," *id.*; indeed, the Magistrate Judge recommended denying Eberhardt's claim because he had not shown he was prejudiced by the temporary closure of the courtroom during trial, R&R at 28. The Court agrees.

Moreover, the Court finds Eberhardt has failed to show trial counsel's performance was deficient. To establish deficient performance, Eberhardt "must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 688). In evaluating Eberhardt's claim, the Court applies a strong presumption counsel's representation fell within the wide range of reasonable professional assistance. *Id.* (quoting *Strickland*, 466 U.S. at 689); *see also Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005) ("To overcome the *Strickland* presumption that, under the circumstances, a challenged action might be considered sound trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel or, (2) that the actions could never be considered part of a sound strategy."). Deficient performance occurs when counsel's errors are "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 687).

In his objections, Eberhardt presses his contention that trial counsel did not have a permissible strategic decision for failing to object to the temporary closure of the courtroom during trial. Courtroom closures during trial are generally prohibited unless (1) the party seeking closure advances an overriding interest that is likely to be prejudiced; (2) the closure is no broader than necessary to protect that interest; (3) the court considers all reasonable alternatives to closure; and (4) the court makes findings adequate to support closure. *Waller v. Georgia,* 467 U.S. 39, 48 (1984). Not every courtroom closure, however, results in a constitutional violation, as the Sixth Amendment right "may give way in certain cases to other rights or interests." *Id.* at 45; *see United States v. Lnu*, 575 F.3d 298, 305 (3d Cir. 2009) ("[T]he Sixth Amendment right to a public trial is not absolute . . . ."). Several courts have found that some temporary courtroom closures, even if not justified under *Waller*, do not violate a defendant's Sixth Amendment right to a public trial because the closure is "trivial." *See United States v. Perry*, 479 F.3d 885, 890 (D.C. Cir. 2007) ("A courtroom closing is 'trivial' if it does not implicate the values served by the Sixth Amendment as set forth in *Waller*. (quotation marks omitted)); *Peterson v. Williams*, 85 F.3d 39, 40 (2d Cir.

    2.       Respondents' objection (Document 35) is SUSTAINED[2];

---

1996) ("[E]ven an unjustified closure may, on its facts, be so trivial as not to violate the [Sixth Amendment]."). Indeed, the Third Circuit has, in a non-precedential opinion, recognized a triviality exception; namely, if the closure does not undermine Sixth Amendment values—"which (1) ensure a fair trial, (2) remind the government and judge of their responsibility to the accused and importance of their functions, (3) encourage witnesses to come forward, and (4) discourage perjury"—the closure is not unconstitutional. *United States v. Patton*, 502 F. App'x 139, 141-42 (3d Cir. 2012).

    The Magistrate Judge rightly noted that Eberhardt has offered "little to indicate counsel's failure to object to this brief closure of the courtroom was not a permissible strategic decision." R&R at 19. Notably, the courtroom closure here was limited in duration and scope. The courtroom closure occurred as Eberhardt's trial counsel cross-examined a Commonwealth witness—testifying about the shooting giving rise to Eberhardt's trial and subsequent statement to the police—who began complaining her chest was in pain. *See* N.T., Jan. 9, 2009, at 142-46. Following the witness's first complaint of chest pain, the trial court suggested a brief recess. *Id.* at 142-43. The witness indicated she was able to continue testifying without the recess, but the trial transcript indicates a pause in the proceeding. *Id.* Eberhardt's counsel continued his cross-examination of the witness, and shortly thereafter, the witness experienced further chest pain and began exhibiting some difficulty answering Eberhardt's trial counsel's questions. *Id.* at 145. After this second episode of chest pain, the court closed the courtroom for the remainder of the cross-examination. The court did not explicitly explain the rationale for the temporary courtroom closure, but did note the witness had asthma that seemed to be affecting her and that she may be scared. *Id.* at 146. Eberhardt's counsel did not object to closing the courtroom for the remainder of the cross-examination, but recognized the difficulty the witness was experiencing, stating his "cross will not be confrontive," *id.* at 142; that he "d[id]n't want to scare her, *id.* at 146; and that his cross-examination would "not be very long, either," *id.* After the courtroom closure, Eberhardt's trial counsel continued cross-examining the witness, without interruption or further complaint from the witness.

    These circumstances suggest Eberhardt's counsel's failure to object to the courtroom closure can be attributed to a sound strategic trial strategy, as the closure facilitated Eberhardt's counsel's ability to proceed with cross-examination of the witness. To be sure, this Court is troubled the trial court initiated the courtroom closure and seems to only have briefly considered a reasonable alternative—suggesting a brief recess during the witness's cross-examination—to closing to courtroom, but there is no indication the closure undermined Sixth Amendment values. Based on this record, Eberhardt has not overcome the strong presumption that the failure to object to the courtroom closure was not unreasonable. Because the Court finds Eberhardt's trial counsel was not ineffective—and therefore his appellate and PCRA counsel were likewise not ineffective—Eberhardt's objection is overruled.

    As to Eberhardt's remaining objections, upon de novo review, this Court agrees with the Magistrate Judge's analysis and proposed disposition of each of his claims. Eberhardt's objections are therefore overruled for the reasons stated in the R&R.

[2] As explained fully above, the Court agrees that Eberhardt's ineffective assistance of counsel claim relating to his right to a public trial is without merit because he has not shown counsel's performance was deficient; therefore, Respondents' objection is sustained.

3. The Report and Recommendation (Document 29) is APPROVED in part and ADOPTED in part;

4. Eberhardt's Amended Petition for Writ of Habeas Corpus (Document 9) is DENIED; and

5. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability.[3]

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[3] As recognized in the R&R, a split in authority exists as to whether prejudice is presumed if trial counsel fails to object to a structural error in trial—such as a courtroom closure—or if actual prejudice must be shown. *See* R&R at 20-28. *Compare United States v. Gomez*, 705 F.3d 68, 80 (2d Cir. 2013) (holding a structural error is not "sufficient to warrant a presumption of prejudice in the ineffective assistance of counsel context . . ."), *with Owens v. United States*, 483 F.3d 48, 64 (2d Cir. 2007) (holding "a defendant who is seeking to excuse a procedurally defaulted claim of structural error need not establish actual prejudice," but instead prejudice is presumed). Based on similar case law from within the Third Circuit, the Magistrate Judge intuited the Third Circuit would likely adopt a rule requiring habeas petitioners in this context to show actual prejudice, R&R at 28, but given the lack of on-point authority, recommended the issuance of a certificate of appealability. While the Court fully adopts the Magistrate Judge's analysis of Eberhardt's ineffective assistance of counsel claim relating to his right to a public trial, because Eberhardt's claim is denied on the basis that his counsel's performance was not deficient—a conclusion the Court finds reasonable jurists would not debate—a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).