IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLIOTT EBERHARDT,** | : | |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 13-CV-1700 |
| | : | |
| **WARDEN MICHAEL WENEROWITZ,** | : | |
| *et al.*, | : | |
|     Respondents. | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**　　　　　　　　　　　　　　　　　　　　　　　　**JANUARY 14, 2022**

*Pro se* Petitioner Elliott Eberhardt, a prisoner in state custody who is serving a sentence of 42 to 85 years of imprisonment for third-degree murder and related crimes, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 44.) Eberhardt seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

### I.   BACKGROUND

The procedural history and factual background of Eberhardt's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge David R. Strawbridge. (ECF No. 29.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context. Following an unsuccessful appeal and unsuccessful post-conviction proceedings in state court, Eberhardt filed the *habeas* petition in the instant matter, which raised five grounds for relief. (*Id.* at 5.) Among those grounds, Eberhardt contended that counsel was ineffective in failing to object to the closure of the courtroom during the cross-examination of one witness at trial as a denial of his right to a public trial. (*Id.* at 17-28.) Judge Strawbridge

recommended that this claim be rejected on the merits based on a conclusion that Eberhardt was not prejudiced by counsel's waiver of his right to a public trial but recommended that the Court issue a certificate of appealability issue as to this claim in light of a Circuit split regarding whether actual prejudice must be shown in this context (as Judge Strawbridge concluded) or whether prejudice is presumed.  (*Id.* at 19-28 & 32.)

The Court approved and adopted the Report and Recommendation in part and denied the *habeas* petition over Eberhardt's objections.  (ECF No. 36.)  As to Eberhardt's ineffective assistance claim predicated on the denial of his right to a public trial, the Court concluded that Eberhardt had failed to show either that counsel's performance was unreasonable or that he was prejudiced.  (*Id.* at 1-3 n.1.)  The Court declined to issue a certificate of appealability.  (*Id.* at 4.)  Eberhardt appealed and the Court of Appeals for the Third Circuit likewise declined to issue a certificate of appealability.  (ECF No. 40.)  Eberhardt sought, and in February 2021 was denied, leave from the Third Circuit to file a second or successive *habeas* petition.  (ECF No. 43.)

In the current Motion, Eberhardt seeks relief pursuant to Rule 60(b)(6).  (ECF No. 44.)  As the basis for his Motion, Eberhardt cites the Supreme Court's ruling in *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), which held that prejudice is not presumed in the context of an ineffective assistance claim based on a denial of a defendant's right to a public trial, and argues this constitutes new law that justifies reopening his case to reconsider his claim.  (ECF No. 44 at 2.)[1]  Eberhardt argues that "[u]nder *Weaver*, [he] has met the burden of establishing prejudice and counsel's deficient performance" because he "argued the same claims that the United States Supreme Court stated if argued by Weaver he would have succeeded [upon] and be entitled to Federal relief."  (*Id.* at 6.)  Eberhardt further argues that additional recent guidance

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

from the Supreme Court and the Third Circuit suggests he should have prevailed on his original claim. (*Id.* at 7-8.)

## II. STANDARDS

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition. That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g.,*

3

*Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."  *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify."  *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## III.   DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Eberhardt's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. Eberhardt is attacking the Court's resolution of his claim on the merits by arguing that subsequent legal developments establish the Court's rejection of his claim was improper. In other words, he seeks to reassert the merits of his original *habeas* claim that counsel was ineffective in failing to object to the closure of the courtroom as a denial of his right to a public trial, rather than attack the procedures by which the Court adjudicated that claim. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition because Eberhardt is challenging his judgment of sentence. Since he has not received authorization from the Court of Appeals to file another federal habeas petition to attack that judgment of sentence, the Court lacks jurisdiction to consider those claims. An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.

                                      **BY THE COURT:**

                                      **/s/ Juan R. Sánchez**
                                      **JUAN R. SÁNCHEZ, C.J.**